**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **TRULY BENTON and SHEVONE LEWIS,** individually and on behalf of all persons similarly situated, | **Civil Action No.:** |
|  | **Jury Trial Demanded** |
| **Plaintiffs,** |  |
| **v.** |  |
| **CVS HEALTH CORPORATION,** |  |
| **Defendant.** |  |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Truly Benton and Shevone Lewis (together, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint against Defendant CVS Health Corporation ("Defendant" or "CVS Health"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.     CVS Health reimburses healthcare providers for the cost of healthcare services that meet pre-determined and objective criteria for coverage under members' health plans. CVS Health receives thousands of authorization requests from healthcare providers for insurance coverage and payment per day. To process this immense volume of requests, CVS Health relies on a workforce of utilization management and review nurses who input easily-identifiable data into an online application that generates coverage determinations. As CVS Health emphasizes in its own policies and in the defense of litigation arising from payment denials, its utilization review employees are

responsible solely for determining if the authorization requests meet standardized and well-established criteria for coverage under members' health plans.

2.     This case is about CVS Health's knowing and improper classification of Plaintiffs and all similarly situated utilization management and review nurses as exempt from the FLSA. As a result of this exempt classification, CVS Health's utilization management and review nurses did not receive overtime pay for hours worked in excess of forty (40) hours in a workweek during the applicable statute of limitations period.

## JURISDICTION AND VENUE

3.     The exercise of jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated in this District and conducts business in this District.

## PARTIES

5.     Plaintiff Truly Benton is an individual residing in Winder, Georgia. Plaintiff Benton has worked for CVS Health as a Utilization Management Nurse Consultant from at least 2019 to the present.[1] Plaintiff Benton's written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

6.     Plaintiff Shevone Lewis is an individual residing in Tampa, Florida. Plaintiff Lewis has worked for CVS Health as a Utilization Management Nurse Consultant from October 2021 to the present. Plaintiff Lewis' written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

---

[1] Prior to approximately 2019, Plaintiff Benton was employed in the same role by Aetna. Plaintiff Benton also became employed by CVS Health following its acquisition of Aetna.

7. Defendant CVS Health Corporation ("CVS Health") is a publicly traded corporation with its trading symbol on the New York Stock Exchange as CVS. CVS Health maintains its corporate headquarters at One CVS Drive, Woonsocket, Rhode Island 02895, and is incorporated in the State of Delaware.

8. The unlawful acts alleged in this Complaint were committed by CVS Health and/or CVS Health's officers, agents, employees, or representatives, while actively engaged in the management of CVS Health's businesses or affairs and with the authorization of CVS Health.

9. At all times relevant to this Complaint, Plaintiffs were employees of CVS Health and covered by the FLSA.

10. CVS Health is an employer covered by the FLSA.

11. CVS Health employs Plaintiffs and has employed and continues to employ similarly situated employees across the United States.

12. CVS Health employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

13. CVS Health's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE DEFINITION

14. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following similarly situated persons:

All individuals who worked for CVS Health in Utilization Management roles, including Utilization Management Nurse Consultants and similarly titled positions, during the past three years in the United States who were not paid overtime compensation when they worked over forty (40) hours in a workweek (the

"Collective" or "Collective Members").

15.    Plaintiffs reserve the right to redefine the Collective prior to notice, and thereafter, as necessary.

## **FACTS**

16.    CVS Health is "America's leading health solutions company." CVS Health, About CVS Health, *available at* https://www.cvshealth.com/about.html (last accessed Apr. 1, 2023).

17.    CVS Health "has more than 9,000 retail locations, more than 1,100 walk-in medical clinics, a leading pharmacy benefits manager with over 110 million plan members with expanding specialty pharmacy solutions and a dedicated senior pharmacy care business serving more than one million patients per year. [CVS Health] also serves an estimated 35 million people through traditional, voluntary and consumer-directed health insurance products and related services . . ." CVS Health, Form 10-K (fiscal year ending Dec. 31, 2022), Part 1, Item 1. Business, Overview, *available at* https://s2.q4cdn.com/447711729/files/doc_financials/2022/q4/2022-Form-10-K.pdf (last accessed Apr. 1, 2023).

18.    In November 2018, CVS Health merged with Aetna to "establish[] CVS Health as the nation's premier health innovation company." CVS Health, News, Company News, dated Nov. 28, 2018, *available at* https://www.cvshealth.com/news/company-news/cvs-health-completes-acquisition-of-aetna-marking-start-of.html (last accessed on Apr. 1, 2023).

19.    CVS Health reimburses healthcare providers for the provision of healthcare services and treatments only if all criteria for insurance coverage under members' health plans are met.

20.    CVS Health requires providers to submit authorization requests before rendering most services.

21.    CVS Health makes determinations of insurance coverage for proposed and rendered

healthcare services uniformly by systematically reviewing authorization requests against standardized and well-established criteria. These reviews are called "utilization reviews."

22. CVS Health employs utilization management and review nurses, such as Plaintiffs and those similarly situated, who have the primary duty of conducting utilization reviews, which consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes, in this judicial district and throughout the United States. *See* CVS Health, Utilization Management for a Changing Specialty Landscape, dated July 28, 2020, *available at* https://payorsolutions.cvshealth.com/sites/default/files/cvs-health-payor-solutions-utilization-management-for-a-changing-specialty-landscape-briefing-july-2020-J01.pdf (last accessed Apr. 1, 2023).

23. CVS Health's "foundational SGM criteria includes critical cost management components such as comprehensive clinical assessments, a generic-first approach, step therapy requirements, and day-one utilization management (UM) review to ensure coverage is in line with clinical guidelines." *Id.*

24. At all times relevant herein, CVS Health has operated a willful and intentional scheme to deprive Plaintiffs and the Collective Members of overtime compensation.

25. Plaintiffs and the Collective Members' primary job duty is non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

26. Plaintiffs and many other utilization management and review nurses work for CVS Health remotely.

27. On a daily basis, CVS Health's utilization management and review nurses collectively conduct thousands of utilization reviews.

28.     CVS Health's utilization reviews consist of extracting objective data from electronic medical records and entering that data into an online application that, *on its own*, determines if an authorization request meets the criteria for insurance coverage as defined by a member's health plan.

29.     Utilization management nurses such as Plaintiffs and the Collective Members are required to use an online application to conduct their reviews.

30.     Plaintiffs and the Collective Members are required to input data into the review database, and if the guidelines are met for approval within the system, Plaintiffs and the Collective Members may approve the request.

31.     Plaintiffs and the Collective Members do not have the authority to override decisions rendered by the online application. If the guidelines are not met, Plaintiffs and the Collective Members must escalate the request to the medical directors for further review. Only medical directors have the authority to make a denial.

32.     CVS Health hires Registered Nurses and similarly qualified positions to complete utilization reviews.

33.     Plaintiffs and the Collective Members do not directly or indirectly engage with patients.

34.     Plaintiffs and the Collective Members do not negotiate with providers.

35.     As CVS Health's employees, utilization management and review nurses do not engage in nursing of any nature (*e.g.*, bedside, telehealth, *etc.*) and do not supply any medical care or recommendations in a clinical or non-clinical setting regarding members' care.

36.     Between approximately 2006 and November 2018, Plaintiff Benton was employed as a Utilization Management Nurse Consultant with Aetna.

37.     Following the merger between CVS Health and Aetna, Plaintiffs have been employed by CVS Health as utilization management nurses.

38.     Throughout their tenure, Plaintiffs have worked remotely.

39.     Before April 2023, CVS Health classified Plaintiffs and Collective Members as exempt employees and did not pay Plaintiffs and Collective Members overtime wages when they worked over 40 hours in a workweek.

40.     Until approximately April 15, 2023, Plaintiffs and Collective Members have been paid an annual salary without regard for overtime compensation owed under the FLSA.

41.     Plaintiffs and Collective Members routinely work five or six days per week and eight hours or more per day. Plaintiffs and Collective Members routinely work forty-five (45) to sixty (60) hours per week. Plaintiffs and Collective Members are similarly situated and work similar schedules.

42.     CVS Health has required Plaintiffs and Collective Members to work long hours, including overtime hours, to complete their job responsibilities and meet CVS Health's productivity standards.

43.     CVS Health offers Plaintiffs and Collective Members lump sum per diem payments for working additional time outside of their typical shift without regard to the actual number of hours worked.

44.     CVS Health did not properly pay Plaintiffs and the Collective Members overtime compensation for hours worked over forty (40) hours per workweek.

45.     In March 2023, CVS Health informed Plaintiffs and Collective Members that as part of "a review of Utilization Management roles", Utilization management and review nurses were being reclassified as non-exempt employees while their job duties would remain the same

following the reclassification.

46.     CVS Health disseminated an email to all utilization management and review nurses with additional information regarding the switch from exempt to non-exempt, including information and training to work hourly and to restrict their working hours to just eight hours per day.

47.     Under its policy and practice of considering employees similar to Plaintiffs as exempt, CVS Health failed to pay overtime wages to Plaintiffs and Collective Members until at least April 15, 2023. CVS Health, moreover, did not pay back pay overtime compensation owed at the time of the reclassification.

48.     CVS Health, a sophisticated large company, has been aware, or should have been aware, that Plaintiffs and Collective Members performed non-exempt work that required payment of overtime compensation.

49.     CVS Health knew that Plaintiffs and Collective Members worked unpaid overtime hours, because Plaintiffs' supervisors and other managers received email communications and submissions after business hours that made clear that Plaintiffs and the Collective Members were working long hours.

50.     CVS Health's supervisors and managers were on notice of uncompensated overtime worked because Plaintiffs and other Collective Members have complained to them regarding their workload.

51.     As a leading healthcare and publicly traded company with access to an extremely large, sophisticated, and well-resourced human resources department, and an army of legal counselors, CVS Health had no reasonable basis to believe that Plaintiffs and the Collective Members were exempt from the requirements of the FLSA and state laws. CVS Health either knew

or acted with reckless disregard of clearly applicable wage and hour provisions in failing to pay overtime compensation to Plaintiffs and Collective Members prior to April 15, 2023.

52. On July 12, 2019, prior to the start of the relevant period applicable to this case, a collective action FLSA lawsuit was filed against Aetna, Inc. – now merged into CVS Health – in the United States District Court for the District of Arizona on behalf of Care Management Employees, which included Utilization Management Nurses for misclassification and unpaid overtime compensation. *See Winston v. Aetna, Inc*., No. 2:19-cv-04703 (D. Ariz.).

53. At all times relevant to this Complaint until April 2023, CVS Health has acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiffs and Collective Members for all hours worked, including overtime compensation under the FLSA.

54. Based on information and belief, CVS Health continues in its failure to pay Plaintiffs and the Collective Members proper overtime compensation for hours worked over forty (40) at least up through to the date of reclassification.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

55. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the Collective Members as defined above.

56. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

57. Plaintiffs and the Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to CVS Health's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been properly paid overtime

compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry into common facts, including, CVS Health's common compensation and payroll practices applicable to the employees at issue.

58.     The Collective Members are known to CVS Health, are readily identifiable through HR and payroll records, and can easily be located through CVS Health's business and human resources records and electronic systems.

59.     CVS Health employs thousands of Collective Members. These similarly situated employees, consisting of both current and former employees who have been employed by CVS Health during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### on Behalf of Plaintiffs and the Collective Members

60.     All previous paragraphs are incorporated as though fully set forth herein.

61.     The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

62.     The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

63.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

64.     CVS Health is subject to the wage requirements of the FLSA because CVS Health is an "employer" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

65.     At all relevant times, CVS Health has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

66.     During all relevant times, Plaintiffs and the Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

67.     Plaintiffs and the Collective Members are not exempt from the requirements of the FLSA.

68.     CVS Health, pursuant to its policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiffs and the Collective Members during the relevant time period.

69.     CVS Health knowingly failed to properly compensate Plaintiffs and the Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

70.     In violating the FLSA, CVS Health acted willfully and with reckless disregard of clearly applicable FLSA provisions.

71.     Pursuant to 29 U.S.C. § 216(b), employers such as CVS Health, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and the Collective Members:

    a.  An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Members;

    c.  Back pay damages (including overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

    d.  Liquidated damages to the fullest extent permitted under the law;

    e.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    f.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all claims and issues.

Dated: April 6, 2023

Respectfully submitted,

*s/ William J. Rhodunda, Jr.*
William J. Rhodunda, Jr. (No. 2774)
Chandra J. Williams (No. 4907)
RHODUNDA WILLIAMS &
KONDRASCHOW, LLC
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Telephone: (302) 576-2000
Facsimile: (302) 576-2004
bill@rawlaw.com
chandra@rawlaw.com

Shanon J. Carson*
Camille Fundora Rodriguez*
Alexandra K. Piazza*
Michael Anderson*
BERGER MONTAGUE PC

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Facsimile: (215) 875-4604
scarson@bm.net
crodriguez@bm.net
apiazza@bm.net
manderson@bm.net

*Attorneys for Plaintiffs and the Proposed Collective Members*

*\* Pro hac vice forthcoming*